IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DARRIS DANIELS, | ) | |
| | ) | Case No. 4:16-cv-04208 |
| Plaintiff, | ) | |
| | ) | Judge Sara Darrow |
| v. | ) | Magistrate Judge Jonathan E. Hawley |
| | ) | |
| ERIK R. GIBSON, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### CITY DEFENDANTS' AND STATE'S ATTORNEY
### DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS COMPLAINT

Defendant, ERIK R. GIBSON (hereinafter "GIBSON"), by his attorneys BENCKENDORF & BENCKENDORF, P.C., pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Plaintiff's Complaint with prejudice and, in support thereof, state:

**INTRODUCTION**

Plaintiff sues Defendants, GIBSON, JAMES B. STEWART, MATTHEW P. KWACCALA, JOSHUA VERSLUYS, and KNOX COUNTY based on his prosecution stemming from his arrest on or around October of 2010. At issue are Plaintiff's federal claims against Defendants for malicious and retaliatory prosecution. Defendant, GIBSON, moves for dismissal of all claims asserted against him pursuant to FED. R. CIV. P. 12(b)(6) because Plaintiff cannot meet the elements necessary to sustain these claims and cannot overcome Defendants' entitlement to immunity.

**LEGAL STANDARD**

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests whether a Plaintiff has "state[d] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible when the pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While factual allegations are accepted as true, conclusory allegations that merely recite the elements of a claim are not entitled to a presumption of truth, and the court need not strain to find favorable inferences which are not apparent on the complaint's face. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The complaint must also plausibly suggest Plaintiff's right to relief beyond speculation (*Twombly*, 550 U.S. at 555), and the court is 4"not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim[.]" *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

**ARGUMENT**

To state a malicious prosecution claim, Plaintiff must allege: (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause; (4) the presence of malice; and (5) damages. *Swick*, 662 N.E.2d at 1242. To be liable for malicious prosecution, "the defendant either must have initiated a criminal proceeding or his participation in it must have been of so active and positive a character as to amount to advice and cooperation." *Denton v. Allstate Ins. Co.*, 504 N.E.2d 756, 760 (Ill. App. 1st Dist. 1986). The absence of any element bars a plaintiff from pursuing a claim. *Swick*, 662 N.E.2d at 1242.

In Illinois, "[a] prosecutor acting within the scope of her prosecutorial duties enjoys immunity from civil liability, the same immunity afforded to the judiciary." *Aboufariss v. City of De Kalb*, 713 N.E.2d 804, 812 (Ill. App. 2d Dist. 1999). Illinois applies "'to state law claims the same absolute immunity given to prosecutors on federal claims' even when the plaintiff alleges that prosecutors acted with malice." *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 769 (N.D. Ill.

2012) (quoting Ex. H, *Stevens v. Dewitt Cnty., Ill.*, 2012 WL 1066886, at *9 (C.D. Ill. Mar. 28, 2012)); *see also Beaman v. Souk*, 863 F. Supp. 2d 752, 763–64 (C.D. Ill. 2012); *Frank v. Garnati*, 989 N.E.2d 319, 322 (Ill. App. 5th Dist. 2013). Accordingly, a prosecutor is "absolutely immune for initiating and maintaining criminal proceedings" against a criminal defendant, even if the prosecutor acts maliciously and presents "false and incomplete evidence in court". *Hobbs*, 899 F. Supp. 2d at 769. Because GIBSON acted within the scope of his prosecutorial duties when he initiated and continued the criminal prosecution against Plaintiff, the doctrine of prosecutorial immunity shields GIBSON from liability

**CONCLUSION**

For the foregoing reasons, City Defendants and State's Attorney Defendants respectfully request this Court dismiss all claims against them with prejudice and enter such other relief as this Court deems equitable and just.

ERIK R. GIBSON, Defendant,

BY: /s/ Erik R. Gibson
ERIK R. GIBSON
ARDC No. 6292882

Benckendorf & Benckendorf, P.C.
Erik R. Gibson
101 NE Randolph Avenue
Peoria, Illinois 61606
Tel.: (309) 673-0797
Fax: (309) 673-8759
EGibson@Benckendorf.com